## Josephine Schimpf *v.* Joseph S. Harris, Edward M. Paxson and John Lowber Welsh, Receivers, Appellants.

*Negligence—Railroads—Passenger—Scope of employment of employee.*

In an action by a passenger against a railroad company to recover damages for personal injuries, it appeared that the plaintiff was injured by being pushed off the steps of a car by a brakeman, who was not one of the regular crew of the train, and not on duty, but that he, with other conductors and brakemen, was in a car going home; that when the train stopped at the station where plaintiff was injured the tickets of the passengers had not all been collected; that one of the conductors not on duty told the brakeman in question to go out and see that the tickets were gathered; that the brakeman hurried out, announcing his intention to collect the tickets, which he subsequently did, and that on his way to perform this duty he pushed plaintiff from the steps. There was ample evidence that it was the duty of a conductor or brakeman not on duty, if he saw passengers leaving without giving up their tickets, to notify some one of the crew, and to collect the tickets himself, if directed to do so by the conductor, or if he could not notify one of the crew. *Held*, that it was for the jury to say under all the testimony whether the brakeman who caused the accident was at the time of the accident acting in the line of his duty.

Argued Jan. 12, 1898. Appeal, No. 151, Jan. Term, 1897, by defendants, from judgment of C. P. No. 2, Phila. County, Dec. Term, 1895, No. 577, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

Defendants' points and the answers thereto were as follows:

1. Before the plaintiff can recover she must prove affirmatively that the person committing the negligent act was an employee of the defendants, on duty upon that train at that time, and that the act complained of was committed in the performance of such duty. *Answer:* I affirm that point, with this explanation, that the words "on duty" are to be taken as signifying "acting in the course of his employment." Before the plaintiff can recover she must prove affirmatively that the person committing the negligent act was an employee of the defend-

ants, acting in the course of his employment upon that train at that time, and that the act complained of was committed in the performance of a duty under such employment. [3]

2. If the jury believe that the person who it is alleged pushed the plaintiff was an employee, not on duty at that time, the company is not responsible for his act, and the plaintiff cannot recover. *Answer:* I affirm that point, assuming the words, " not on duty " to mean not then acting in the course of his employment. [4]

3. If the jury believe that the person who it is alleged pushed the plaintiff off was an employee of the company defendant, not then on duty, but traveling on the train to or from his home, the plaintiff cannot recover. *Answer:* This is substantially the same as the second point, with the added question of fact that the person was traveling on the train to or from his home. I affirm it in the terms in which I answered the second point. [5]

4. If the jury believe that the person who pushed the plaintiff off, although an employee of the company, was not then on duty, his action in collecting tickets was that of a mere volunteer, and the company would not be responsible for anything done by him in pursuance of such a voluntary act. *Answer:* I affirm that point, assuming the words " not then on duty " to mean not then acting in the course of his employment. [6]

5. If the jury believe that the person who is alleged to have pushed the plaintiff was traveling on the train to his home, after the performance of his regular duties, he was then simply a passenger on that train, and the company would not be responsible for the consequences of any negligence or rudeness committed by him in the performance of any voluntary act, even though such act was done in a mistaken effort to benefit the company. *Answer:* I affirm that point; if you find that he was not then acting in the course of his employment, but was going home after his work was done, then the defendants are not responsible for any negligence or rudeness committed by him, and in consequence of which the plaintiff suffered. [7]

6. Under all the evidence your verdict must be for the defendants. *Answer:* I refuse that point. [8]

The court charged in part as follows :

[I am asked by one of the counsel to instruct you somewhat

more at length on one aspect of the case. I will not narrow
the inquiry for you to the performance of a duty to collect
tickets. If you find from the evidence that it was the duty of
that man, whoever he was, who did go out on that platform, as
I have already at length described to you, if it was his duty to
go out on that platform, leave that car, in order that he might
notify some other employee of the company to collect the tickets,
if you find that he did that in the regular course of his duty,
then you may proceed to consider, independently of the ques-
tion whether or not he did collect tickets, whether he was neg-
ligent or not. If you find that he had no right to collect tickets,
that will not conclude the somewhat broader question whether
or not he had a right to get up and leave that car in order to
notify somebody else to collect tickets.] [2]

Verdict and judgment for plaintiff for $900. Defendants
appealed.

*Errors assigned* were (2–8) above instructions, quoting them.

*Gavin W. Hart*, for appellants.—The color of the offending
man's coat and the shape and label of his hat were at most but
a "scintilla" of evidence that he was an employee. If this be
so it is not enough to send the case to the jury: Howard Ex-
press Co. v. Wile, 64 Pa. 201; R. R. v. Shay, 82 Pa. 198; R. R.
v. Schertle, 97 Pa. 450; Holland v. Kindregan, 155 Pa. 160.

If there was no evidence at all of the fact submitted to the
jury it was error to leave its determination to them. Juries are
to determine disputed facts, not something which no one alleges
and which all agree is the reverse: Selser v. Roberts, 105 Pa.
242; Morton v. Weaver, 99 Pa. 47; R. R. v. Schertle, 97 Pa.
450; Campbell v. Ry., 139 Pa. 531; Ry. v. Taylor, 104 Pa. 316;
Hyatt v. Johnston, 91 Pa. 196; McKnight v. Bell, 135 Pa. 372;
Horn v. Hutchinson, 163 Pa. 437; Brooks v. R. R., 2 Pa.
Superior Ct. 581.

*George P. Rich*, with him *Henry C. Boyer*, for appellee.—
There was ample evidence to justify the jury in finding that
the plaintiff was the railroad company's servant, engaged in
doing its work, and that therefore the company was responsible
for his negligence: Penna. R. R. v. Spicker, 105 Pa. 142;
Hughes v. R. R., 36 N. Y. Superior Ct. Rep. 222; Dennis v.
R. R., 165 Pa. 624; R. R. v. Alvord, 128 Pa. 42.

The presumption of a fact in law which carries a case to the jury necessarily leaves them in possession of the case. The evidence to rebut the presumption may be very strong, yet it is a matter for the jury, and not for the court, and the court may not direct a verdict by a binding charge: Penna. R. R. v. Weiss, 87 Pa. 447; Spear v. R. R., 119 Pa. 61.

OPINION BY MR. JUSTICE FELL, March 21, 1898:

The plaintiff took a train at the Philadelphia and Reading Terminal station to go to Girard Avenue station. Because of a strike of the employees of the city passenger railway companies the travel on the defendants' road had been greatly increased, and the conductor and brakeman in charge of the train had not been able to collect all the tickets when it reached Girard Avenue. As the train stopped at the station someone of the party with whom the plaintiff was riding called out: "Our tickets have not been taken up." This remark was repeated by others of the party and was heard by a number of employees of the road, conductors and brakemen, who were in the car going home, and not on duty. One of these employees, a conductor, said to a brakeman: "You had better get out there and see to them, and see that their tickets are gathered." The brakeman arose from his seat, and either at that time or as he crossed the platform of the car, said: "I will take your tickets." He walked hurriedly out of the car, across the platform to the front platform of the next car, and down its steps to the floor of the station, and received the tickets from the passengers. It was alleged by the plaintiff that the brakeman in passing her pushed her off the platform and steps, and that the fall caused her serious injury.

The question whether the plaintiff was pushed or fell accidentally; whether, if pushed, it was by an employee of the company or a passenger; whether, if by an employee, he was one of the crew of the train or an employee off duty; and whether, if not on duty in the running of the train he still was in the emergency which arose acting for the company within the scope of his employment, were submitted to the jury with such clear and accurate instructions that it is conceded that there is no ground for objection to the general charge or to the answers to the points presented. After the charge, at the request of the

plaintiff's counsel, additional instructions were given to the
effect that if it was not the duty of the brakeman to collect the
tickets, but it was his duty to notify someone of the train crew
to collect them, and in the performance of the latter duty he
left the car and went out on the platform and negligently
pushed the plaintiff off, the company was responsible for his
act.   The objection urged to this instruction is that it widened
the issue of fact by the introduction of a question not raised by
the testimony, as the brakeman did in fact collect the tickets in
pursuance of his announcement that he would do so, and there
was no testimony that he went out of the car for any other
purpose.

The inquiry was clearly within the limits of the case presented.
There was distinct and positive testimony by a number of em-
ployees that it was the duty of a conductor or brakeman, not one
of the crew of the train on which he was riding, who saw pas-
sengers leaving a car without having given up their tickets, to
notify some one of the crew and to collect the tickets himself,
if directed to do so by the conductor ; and that in this particu-
lar case it was the brakeman's duty to go out of the car and
give notice to some one in authority.   The distinction drawn
by these witnesses between doing the thing and notifying some
one to do it was not based on a written rule of the company,
but on a general understanding that there should be no unau-
thorized interference with those charged with the management
of the train.   It was certainly within the limits of their duty,
as they understood it, to collect the tickets if they could not
give notice to the proper person to do so.   The duty was con-
cisely expressed by the answer of one of the defendant's wit-
nesses : " We are not employed by the company to let people
get away with their tickets."

The brakeman who took the tickets, and whose negligence is
alleged to have caused the injury to the plaintiff, left the car
at the suggestion of a conductor to see that the tickets were
collected.   Presumably he went to do what the emergency re-
quired.   According to his own testimony he passed the plain-
tiff before he announced that he would take the tickets himself.
If the act complained of was done while he was on his way to
give notice, it was done while he was clearly in the line of duty;
if it was done after he had decided to collect the tickets, and

while on his way to do so, it was still for the jury under all the testimony to say whether he was then acting in the line of duty.

The judgment is affirmed.